Nott, J.,
delivered the opinion of the court:
The Army Regulations, 1881 (arts. 137, 138, 139), provide in cases of military reservation that “ where parties are already in possession, with valuable improvements, the department commander will cause an investigation to be made, and submit each case separately for the decision and orders of the Secretary of War.”
*198 In this case the claimants were “ already in possession, with valuable improvements ”; the department commander caused an investigation to be made; the military board examined and reported the improvements to be worth $650, and the Secretary of War approved the report and included the amount in the estimates which he submitted to Congress.
The only question is whether the Army regulation is the lawful regulation of an exeeuti ve department. If it be, this court has jurisdiction of the action under Revised Statutes (section 1059), and the claimants are entitled to recover.
The Army regulation referred to had its inception in General Orders No. 74, Adjutant-General’s Office, November 16, 1869. Subsequently Congress recognized the existence and propriety of the order, in at least one instance, by the Act 19th February, 1873 (17 Stat. L., 467), which appropriated the sum of $14,219 “for private property taken by the government in the extension of the military reservation at Camp Mohave, in the Territory of Arizona, under General Orders No. 74, Adjutant-General’s Office, November 2, 1869, said sum being the total amount awarded by a board of military officers convened by proper authority at said camp in September, 1870, as per their report duly approved by the War Department.”
Still later, by the Act 23d June, 1879 (21 Stat. L., 30, § 2), Congress enacted “ that the Secretary of War is authorized and directed to cause all the regulations of the Army and general orders now in force to be codified and published to the Army.”
The legislative authority, therefore, has directed that this general order be incorporated into and made one of the Army regulations, and has allowed the regulation to remain as a safeguard for all settlers upon the public lands who make improvements thereon before they acquire a title to the premises. It does not comport with national honor to allow such a regulation of on executive department to exist, and the government to acquire the improvements of a settler upon the faith thereof, and then to withhold payment and question the legality of the regulation.
When Congress permit regulations to be formulated and published and carried into effect year after year, the legislative ratification must be implied. Congress, moreover, has always *199 recognized the equitable rig’hts of settlers upon the public domain, and the regulation is in harmony with public policy.
On the part of these settlers, it appears that they acquiesced in the award of the military board, surrendered their improvements to the government, and now seek to recover only the amount awarded them. On the part of the government, it appears that its officers did not assume to evict the settlers, except upon the terms and in the manner prescribed by the regulation, and that the Secretary of War approved their action and authorized the taking of the property upon those terms. Both parties acted upon the faith of the regulation, and each has accepted the result. Their proceedings make a contract in substance, if not in form.
But the Bevised Statutes (section 1059) confer upon this court “jurisdiction to hear and determine” “all claims founded upon” “any regulation of an executive department.” By the term “any regulation” is doubtless intended any regulation within the lawful discretion of the head of an executive department. The present claim certainly is “ founded” upon the regulation; the court is authorized to hear and determine claims founded upon “any regulation”; and the only defense to the action is to hold that the regulation was not authorized by law and is wholly void. This we are not prepared to do. The case seems to us to be one where Congress intended that the War Department should ascertain whether settlers on public lands dispossessed of their holdings by authority of the Executive should be compensated for their equity, know as “improvements,” and the value thereof. The power is akin to that which authorizes the Commissioner of Internal Bevenue to determine whether taxes have been illegally collected and to certify the amount which should be refunded.
The court has not passed upon the value of the improvements in this case. That fact is one that was properly investigated and ascertained by the War Department, and its award, in the absence of fraud or mistake, must be deemed conclusive upon both parties.
The judgment of the court is that the claimants recover the sum of $650.
In the case of John Conley v. The United States, which was submitted at the same time upon similar facts, the judgment of the court was that the claimant recover the sum of $500.
*200 In the case of Francis M, Tanner, snrmving partner, &o., v. United States, which was likewise submitted at the same time and upon similar facts, the judgment of the court was that the claimant recover the sum of $750.